UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

REGGIE P. GUEDRY                                    NUMBER 05-130-BAJ-SCR


<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 13, 2013.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                  CRIMINAL ACTION

REGGIE P. GUEDRY                                        NUMBER 05-130-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 filed by Reggie P. Guedry. Record document number 40.

### I. Procedural History

Petitioner entered a guilty plea to one count of conspiracy to possess stolen firearms in violation of 18 U.S.C. § 922(j) (Count 1) and one count of possession of firearms by a convicted felon in violation of 18 U.S.C. § 922 (g)(1) (Count 2). Petitioner was sentenced to serve a 60 month term of imprisonment on Count 1 and a 120 month term of imprisonment on Count 2, the sentences to be served consecutively. Judgment was entered on March 10, 2006. Petitioner did not appeal.

Petitioner, through counsel, filed this Motion to Vacate, Set Aside, or Correct the Sentence on September 6, 2013. Petitioner raised a single ground for relief: he was denied effective assistance of counsel.

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

## II. Applicable Law and Analysis

Under § 2255, as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody under sentence of a court established by Act of Congress has a one year period within which to file a motion to vacate, set aside or correct the sentence.  The limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2255(f).  A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied.  *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6 (1987).

Petitioner's conviction became final on March 24, 2006.[1]  From the date the petitioner's conviction became final until September 6, 2013, the date petitioner filed his § 2255 application, more than one year of the limitations period elapsed.  Petitioner's § 2255 motion was not timely filed.

---

[1] In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed or the filing of the government's notice of appeal.  Rule 4(b)(1)(A)(I), Fed.R.App.P.

There is no basis in the record for equitable tolling. The AEDPA's statutory time limitation is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2560 (2010). A "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005)); *see United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (discussing equitable tolling of § 2255 petition). The "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (citation and internal quotation marks omitted). "Equitable tolling is permissible only in rare and exceptional circumstances." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation and internal quotation marks omitted). Equitable tolling under § 2255(f) is not extended to instances of "excusable neglect." *United States v. Kirkham*, 367 Fed.Appx. 539, 541 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458 (1990)).

Equitable tolling is not permissible here because the petitioner did not pursue his rights diligently, and no extraordinary circumstance stood in his way and prevented him from timely filing a § 2255 petition. A simple inquiry with the clerk

3

of court anytime after he was sentenced in March 2006 would have revealed to the petitioner that no appeal had been filed and no other post-trial remedial efforts had been made by his attorney. But the petitioner did not allege any facts which would support finding that he made any effort at all, much a diligent effort, to pursue his post-conviction rights.

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct the Sentence be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2255.

Baton Rouge, Louisiana, September 13, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE